UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10661-RGS

CARLTON RICHARDSON

v.

CITY OF BOSTON HOUSING AUTHORITY

ORDER

May 1, 2012

STEARNS, D.J.

For the reasons stated below, the court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; (2) denies without prejudice the plaintiff's motions to add defendants and for injunctive relief; and (3) directs the plaintiff to file a second amended complaint.

BACKGROUND

On April 10, 2012, Carlton Richardson filed a self-prepared complaint and a motion for leave to proceed in forma pauperis. In the complaint (#1), Richardson alleges that, in or about 2008, he was awarded a federally-funded housing voucher by the Boston Housing Authority ("BHA") and was given ninety days to find a suitable residence. According to Richardson, he was unable to find a residence in Boston but arranged with his case manager to have the voucher "transferred" to Raleigh, North Carolina, where the plaintiff had been a student. Richardson claims that once he arrived in Raleigh, the housing voucher "vanished," and that he has since been unable to find housing or obtain a voucher. He represents that he is homeless. The plaintiff

alleges that unspecified employees of the Boston Housing Authority "did violate laws which protects the petitioners constitutional rights(s) under the American(s) with Disability(s) Act." Compl. at 1 (as in original). Richardson does not identify his disability or explain any alleged relationship between a disability and his difficulties in being able to find housing or obtain a housing voucher.

On April 16, 2012, Richardson filed an "Amended Complaint/Petition" (#4) in which he alleges that, on April 9, 2012, he unsuccessfully sought to meet with Governor Deval Patrick concerning "matters that are in direct relation to the complaint." Amend. Compl. at 1. The plaintiff claims that the governor's staff, in not permitting to the plaintiff to meet with the governor, violated the plaintiff's right to due process.[1]

On April 18, 2012, Richardson filed a motion to add defendants to the complaint (#5). The plaintiff seeks to add two of his former housing case managers and the grievance panel coordinator for the BHA as defendants. Richardson alleges their misconduct only in the broadest terms: "This plaintiff goes forth to state that each defendant play'd a key role in this action and all three defendant(s) did act in concert to bring about a foreseable enjuyr to the plaintiff." Mot. at 1 (as in original).

On April 24, 2012, Richardson filed a motion for injunctive relief (#6) in the form of "emergency housing." He states therein that in the last four years he has "contested the illeagalalities [sic]" of the BHA that are the "direct cause" of the plaintiff's current homelessness. Mot at 1. He asks that the court order the BHA "to without delay, place this petitioner in some form of emergency housing." Id.

---

[1] On or about April 17, 2012, Richardson appeared in person at the Clerk's office. He asked to be heard immediately by a judge.

DISCUSSION

I.   Motion to Proceed In Forma Pauperis

Upon review of the plaintiff's motion to proceed in forma pauperis, the court concludes that he has shown that he is without assets to pay the $350.00 filing fee. Accordingly, the motion (#2) is ALLOWED.

II.  Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to

3

nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

A. Failure to Allege a Violation of the Law

Here, the plaintiff makes the legal conclusion that the BHA and others have violated his "constitutional rights" under the Americans with Disabilities Act, but Richardson has failed to allege facts from which the Court may reasonably infer that the BHA or the proposed defendants violated the law. The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., does not apply to housing.[2] Even if Richardson had invoked the Fair Housing Act, which does prohibit discrimination in housing on the basis of disability, see 42 U.S.C. § 3604, his claim fails because he has not identified his disability. Further, he has not alleged that the BHA or its officers failed to accommodate his disability or otherwise discriminated against him on the basis of disability.

---

[2]Title I of the ADA, 42 U.S.C. § 12111 et seq., prohibits disability discrimination in employment. Title II , 42 U.S.C. § 12131 et seq., prohibits state or local governmental entities from excluding individuals from services, programs, or activities on the basis of disability. Title III of the ADA, 42 U.S.C. § 12131 et seq., prohibits discrimination on the basis of disability by public accommodations.

4

Moreover, the plaintiff has not identified, and the court cannot discern, any constitutional right that was violated when his housing voucher was not successfully transferred to North Carolina. Similarly, the plaintiff did not have a constitutional right to meet personally with Governor Patrick.

B. Statute of Limitations

To the extent that Richardson's action is based upon the unsuccessful transfer of his housing voucher in 2008, his claims appear to barred by the applicable statutes of limitations. A claim of discrimination under the Fair Housing Act must be commenced "not later than 2 years after the occurrence or termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Claims for constitutional violations by state actors, which are brought under 42 U.S.C. § 1983, must be brought within three years of the discovery of the violation. See Wilson v. Garcia, 471 U.S. 261, 267 (1984) (§ 1983 claim borrows the appropriate state governing limitations unless contrary to federal law); M.G.L. ch. 260, §§ 2A, 5B (three year statute of limitations for tort and civil rights actions).[3] Thus, claims for injuries suffered in 2008 appear to be time-barred.

C. Purported Amendments of the Complaint

Richardson filed an "amended complaint" and also, by motion, seeks to amend the complaint to add three new defendants. Although Richardson may amend his complaint once as a matter of right at this juncture of the litigation, see Fed. R. Civ. P.

---

[3] Although the statute of limitations is an affirmative defense, and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts to avoid potential affirmative defenses, a complaint can be dismissed for failure to state a claim if the allegations therein show that relief is barred by the relevant statute of limitations. See Bock v. Jones, 549 U.S. 199, 215 (2007).

15 (party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12(b), (e), or (f)), the "amended complaint" and proposed amendments do not comport with the requirements of the Federal Rules of Civil Procedure. The court therefore <u>DENIES</u> the motion to add defendants and directs the plaintiff to file a second amended complaint.

"An amended complaint, once filed, normally supersedes the antecedent complaint." <u>Connectu LLC v. Zuckerberg</u>, 522 F.3d 82, 91 (1st Cir. 2008). "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" <u>Id.</u> (quoting <u>Kolling v. Amer. Power Conversion Corp.</u>, 347 F.3d 11, 16 (1st Cir. 2003)). Therefore, when a plaintiff files an amended complaint, he must repeat in the amended complaint any allegations in previous complaint(s) that he wishes to be part of the operative complaint. Richardson's "amended complaint" and proposed addition of defendants do not satisfy this requirement. Instead, these documents appear to be additions to, rather than a replacement of, the original complaint.

In regards to Richardson's request to add defendants, his allegation that the proposed defendants played a "key role" in this action does not meet the requirements of Fed. R. Civ. P. 8(a), discussed above. To include these defendants in any amended complaint, Richardson must make specific factual allegations against each party that, if true, show that Richardson is entitled to relief.

      D.      <u>Filing of a Second Amended Complaint</u>

If Richardson would like to prosecute this lawsuit, he must file a second amended complaint that cures all of the defects identified above. The second amended complaint

must contain all parties, factual allegations, and legal claims that the plaintiff wishes to include in the operative complaint. In other words, neither the court nor the defendants will be required to piece together different filings to discern who the parties are in this action and what the plaintiff's claims are. The second amended complaint must also show that the plaintiff is entitled to relief. Richardson must identify the alleged misconduct of each defendant with sufficient specificity so that each defendant has adequate notice of the claims against it, her, or him. Mere legal conclusions that a defendant has violated the law will not suffice. To the extent that Richardson is alleging that he was discriminated against in housing on the basis of disability, he must identify his disability and the manner in which his rights as a disabled person were violated.

III.   Motion for Injunctive Relief

In light of Richardson's failure to state a claim upon which relief may be granted, the Court DENIES WITHOUT PREJUDICE the motion for injunctive relief (#6).

ORDER

For the foregoing reasons:

(1)   The motion for leave to proceed in forma pauperis (#2) is ALLOWED.

(2)   The motion to add defendants (#5) is DENIED WITHOUT PREJUDICE.

(3)   The motion for injunctive relief (#6) is DENIED WITHOUT PREJUDICE.

(4)   If the plaintiff wishes to proceed with this action, he must, within thirty-five (35) days, file a second amended complaint. Failure to comply with this directive will result in dismissal of this action.

SO ORDERED.

 /s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE